IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JEFFREY RAY                                                                                          PLAINTIFF

v.                                    CASE NO. 3:15-CV-00092 JTK

CAROLYN W. COLVIN, *Acting Commissioner*,
Social Security Administration                                                              DEFENDANT

**MEMORANDUM AND ORDER**

Plaintiff Jeffrey Ray appeals the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for disability insurance benefits (DIB) and supplemental security income (SSI) based on disability.[1] Both parties have submitted appellate briefs, and the case is ready for decision. The only issue before the Court is whether the Commissioner's decision that Plaintiff is not disabled within the meaning of the Social Security Act is supported by substantial evidence. For the reasons outlined below, the decision of the Commissioner is reversed and remanded.

**Procedural History**

Plaintiff protectively filed for benefits on February 22, 2012, alleging a disability onset

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

date of April 9, 2010. He listed the following physical and mental conditions as limiting his ability to work: migraines, arthritis in back, bulging disc, leg pain, gunshot wound to the left foot, hernia surgery, nerve damage to the left wrist, and tendinitis in the left arm. Disability Determination Services (DDS) denied the claims initially and upon reconsideration, and Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ). The ALJ held a hearing on September 23, 2013. On February 5, 2014, the ALJ issued a decision that Plaintiff was not disabled. On March 23, 2015, the Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner. Plaintiff timely filed this civil action, appealing the final decision of the Commissioner.

## Administrative Proceedings

Plaintiff was forty-eight years old at the time of the administrative hearing. He completed high school and had past relevant work as a die press operator and mining material inspector. In reviewing the claims for disability, the ALJ considered Plaintiff's impairments using the required five-step sequential evaluation process.[2] The ALJ found that Plaintiff had the severe[3] impairments of migraine headaches, lumbar spine degenerative disc disease, and

---

[2] "The five-part test is whether the claimant is (1) currently employed and (2) severely impaired; (3) whether the impairment [meets] or approximates a listed impairment; (4) whether the claimant can perform past relevant work; and if not, (5) whether the claimant can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that she is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that a claimant can perform." *Steed v. Astrue*, 524 F.3d 872, 875 n.3 (8th Cir. 2008)(internal citations omitted).

[3] An impairment is "severe" if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520, 416.920. An impairment is "nonsevere" when medical or other evidence establishes only a slight abnormality that would have no more than

arthralgia.[4] At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing. Before considering step four, the ALJ determined that retained the residual functional capacity (RFC) to perform limited light work.[5] The ALJ found Plaintiff could not perform his past relevant work but found other jobs existing in significant numbers in the national economy that Plaintiff could perform. Thus, he concluded that Plaintiff was not disabled.

## Standard of Review

The standard of review in this case is whether there is substantial evidence in the record as a whole to support the decision. *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision." *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)). In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion." *Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

---

a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921.

[4]Arthralgia is pain in a joint. *Arthralgia*, THE SLOAN-DORLAND ANNOTATED MEDICAL-LEGAL DICTIONARY (1987).

[5]The ALJ found Plaintiff would be limited to frequently lifting/carrying ten pounds and twenty pounds occasionally, standing/walking six hours out of an eight-hour workday, and sitting six hours in an eight-hour workday. The work must permit the worker to sit or stand at will throughout the day, and there must be no climbing of ladders, ropes, or scaffolds, with no more than occasional stooping, kneeling, crouching, crawling, and balancing duties. Further, the work must not require more than frequent handling and fingering.

**Discussion**

On appeal, Plaintiff argues the ALJ erred in his RFC determination. Specifically, Plaintiff contends (1) the ALJ's RFC failed to take into account Plaintiff's migraine headaches and its associated issues, such as blurred vision that would further reduce the ability to work; (2) the record does not support the ALJ's findings that Plaintiff can perform light work, even with a sit/stand option because Plaintiff testified he could not stand or walk for long periods, and nothing in the record contradicts that testimony; (3) the opinion of examining physician, Jonathan Swenson, M.D., to which the ALJ gave great weight, failed to clarify whether Plaintiff could stand or walk, off and on, for a total of six hours in an eight-hour workday as is required for the full range of light work by Social Security Ruling 83-10; (4) the ALJ gave great weight to the opinions of state agency physicians whose opinions were entitled to little weight; and (5) the ALJ failed to impose any lifting or carrying limitations on Plaintiff although Dr. Swenson found he had mild limitations due to a painful grip and mildly impaired dexterity.

It is the claimant's burden to establish his RFC at step four. *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (noting that the claimant is in a better position to prove information about his own medical condition). RFC is defined as "the most [a claimant] can still do despite" his or her "physical or mental limitations." 20 C.F.R. §§ 404.1545(a); 416.945(a). The RFC "is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." Social Security Ruling (SSR) 96–8p. The ALJ must determine the claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and

claimant's own descriptions of his or her limitations. *Id.*

A claimant's RFC is a medical question. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Some medical evidence must support the determination of the claimant's RFC, and the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace. *Dykes v. Apfel*, 223 F.3d 865, 867 (8 th Cir. 2000) (per curiam); *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). Accordingly, the regulations provide that treating physicians or psychologists will be re-contacted by the Commissioner when the medical evidence received from them is inadequate to determine a claimant's disability. 20 C.F.R. §§ 404.1512(e); 416.912(e). Nevertheless, in evaluating a claimaint's RFC, the ALJ is not limited to considering medical evidence, but is required to consider at least some supporting evidence from a professional. *Baldwin*, 349 F.3d at 556; *Lauer*, 245 F.3d at 704; *Dykes*, 223 F.3d at 866 ("To the extent [claimant] is arguing that residual functional capacity may be proved only by medical evidence, we disagree."). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner.
20 C.F.R. §§ 404.1527(e)(2); 404.1546; 416.927(e)(2); 416.946.

<u>Headaches</u>

Plaintiff's argument that the ALJ failed to account for all limitations from his headaches lacks merit, including blurry vision. Plaintiff's treating physician G.R. Guntharp, D.O., completed a Disability Determination for Social Securing Treating Physician's Migraine Headache Form in which he noted that (1) Plaintiff's headaches caused no symptoms; (2) Plaintiff's response to the Amitriptyline medication was "good"; and (3) migraines did not

5

interfere with Plaintiff's ability to perform work. (Tr. 662) Additionally, CT scans failed to show any intracranial abnormalities. (Tr. 272, 405, 480, 560) Nanette Gunn, O.D., examined Plaintiff in August 2009 after complaints of unilateral blurry vision and streaking, but Dr. Gunn suspected Plaintiff had an ophthalmic migraine with no intracranial path to explain the headaches. (Tr. 294). Dr. Gunn found no neurological patterns to account for the headaches and discussed believed causes of the headaches and ways to reduce their occurrence. (*Id.*) These findings belie Plaintiff's argument that the ALJ erred in failing to account for all limitations caused by his headaches. He failed to show any additional limitations that the ALJ should have included, and it is his burden to do so. Thus, the Court affirms the Commissioner on this point.

Sit/Stand Option

Plaintiff argues second that the record does not support the ALJ's findings that he can perform light work, even with a sit/stand option because he testified that, due to back pain, he could not stand or walk for long periods, and nothing in the record contradicts that testimony.

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b); 416.967(b).

Plaintiff takes issue with the ALJ's discounting of his pain complaints; however, he fails

to show how the ALJ erred in that assessment. When evaluating evidence of pain, the ALJ must consider: (1) the claimant's daily activities; (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain; (3) any precipitating or aggravating factors; (4) the dosage, effectiveness and side effects of any medication; and (5) the claimant's functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Because pain, shortness of breath, weakness, or nervousness, for example, are difficult to measure, the ALJ may not disregard a claimant's subjective complaints of pain solely because the objective medical evidence does not fully support them. *Polaski*, 739 F.2d at 1320. Rather, the absence of this evidence is just one of several factors used to evaluate the credibility of the testimony and complaints. The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts, but such assessments must be based upon substantial evidence. *Rautio v. Bowen* 862 F.2d 176, 179 (8th Cir. 1988). The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the Plaintiff's complaints. *Robinson v. Sullivan*, 956 F.2d 836, 839 (8th Cir. 1992). When a plaintiff claims that the ALJ failed to properly consider subjective complaints of pain, the duty of the court is to ascertain whether the ALJ considered all of the evidence relevant to the complaints of pain under the *Polaski* standards and whether the evidence so contradicts the Plaintiff's subjective complaints that the ALJ could discount his or her testimony as not credible. *Benskin v. Bowen*, 830 F.2d 878, 882 (8 th Cir. 1987).

    Here, in determining that Plaintiff could perform limited light work, the ALJ evaluated all objective and subjective evidence of record. The ALJ considered Plaintiff's subjective complaints of pain and found them not to be fully credible. He specifically set forth reasons for

discounting Plaintiff's credibility, and substantial evidence supports his findings. Additionally, the medical evidence and clinical findings do not support the level of limitation alleged by Plaintiff.

Opinions of examining physician and state agency physicians

In his next three arguments, Plaintiff alleges that (i) the ALJ gave great weight to the opinion of examining physician, Dr. Swenson, whose opinion failed to clarify whether he could stand or walk, off and on, for a total of six hours in an eight-hour workday as is required for the full range of light work by Social Security Ruling 83-10; (ii) the ALJ gave great weight to the opinions of state agency physicians whose opinions were entitled to little weight; and (iii) the ALJ failed to impose any lifting or carrying limitations on Plaintiff although Dr. Swenson found he had mild limitations due to a painful grip and mildly impaired dexterity.

It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians. *See Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001). "Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding." *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012) (citing 20 C.F.R. § 404.1527(c)). Conversely, the opinion of a consulting physician who examines a claimant only once or not at all does not generally constitute substantial evidence. *See Cox v. Barnhart*, 345 F.3d 606, 610 (8th Cir. 2003); *see also Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) (non-examining, non-treating state agency physician's opinions do not substitute "substantial evidence" in the record). However, "[t]he ALJ may reject the conclusions of any medical expert, whether hired by the claimant or the government, if they are inconsistent with the record as a whole." *Pearsall*, 274 F.3d at 1219

(citing *Bentley v. Shalala*, 52 F.3d 784, 786 (8th Cir. 1995).

In his examination on June 25, 2012, Dr. Swenson found Plaintiff had normal range of motion, normal gait, and mild difficulty in bending and squatting. (Tr. 644-646) He further found Plaintiff had 4/5 grip strength with mildly impaired fine motor movements, dexterity and ability to grasp objects bilaterally. (Tr. 645) Dr. Swenson opined Plaintiff could sit, walk, and/or stand "a partial to full workday." (Tr. 646) He also found Plaintiff could lift/carry objects with mild limitations due to painful grip and mildly impaired dexterity. (*Id.*) Plaintiff takes issue with the ALJ's RFC findings relative to Dr. Swenson's assessments, whose opinion he gave great weight. He also contends that the ALJ gave too much weight to the opinions of the state agency physicians whose opinions are entitled to little weight.

Light work requires that a claimant be capable of standing or walking, on and off, for a total of approximately six hours in an eight-hour workday. *See* Social Security Ruling 83-10. Dr. Swenson's opinion placed no lift/carry restrictions on Plaintiff, and he determined Plaintiff could sit, walk and/or stand a partial to full day. The ALJ, as Plaintiff notes, did afford Dr. Swenson's opinion great weight, but the RFC determination does not provide for any lift/carry restrictions as did Dr. Swenson. Nor is it clear based on Dr. Swenson's assessment whether a "partial" day equates to six hours in an eight-hour workday, as required for light work. Under these circumstances, the evidence in the record falls short of that necessary to support the ALJ's physical RFC determination. Accordingly, the Court believes that remand is necessary to allow the ALJ to recontact Dr. Swenson to clarify his lift/carry and stand/walk limitations and provide a thorough RFC assessment. *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (RFC must be

supported by some medical evidence). If Dr. Swenson is unavailable or otherwise unable to provide said evidence, the ALJ is directed to send Plaintiff for an examining consultative RFC assessment. The ALJ should also update the medical records with an additional treatment received by Plaintiff or new state agency medical consultant physical RFC assessments. The ALJ should then reevaluate the entire record and, if necessary, reformulate Plaintiff's RFC and then proceed through the sequential evaluation.

## Conclusion

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and this matter remanded for further proceedings consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

SO ORDERED this 30th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE